**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2462**

AMY PASSWATERS,

             Plaintiff - Appellant,

        v.

WICOMICO COUNTY,

             Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge.  (1:18-cv-02923-RDB)

Submitted:  August 28, 2020                        Decided:  September 10, 2020

Before KING and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robin R. Cockey, Ashley A. Bosché, COCKEY, BRENNAN & MALONEY, P.C., Salisbury, Maryland, for Appellant.  Kevin Karpinski, Sandra D. Lee, KARPINSKI, CORNBROOKS & KARP, P.A., Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amy Passwaters brought this action against Wicomico County, Maryland ("the County"), alleging that the County retaliated against her for engaging in protected activity and discriminated against her on the basis of her race and gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), and the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't §§ 20-606 to 20-609 (West 2014). We have reviewed the record and find no reversible error. Accordingly, we affirm the district court's judgment. *Passwaters v. Wicomico Cty.*, No. 1:18-cv-02923-RDB (D. Md. Nov. 27, 2019); *see James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 376 (4th Cir. 2004) (holding that "[t]he mere fact that a new job assignment is less appealing to the employee . . . does not constitute adverse employment action"); *Strothers v. City of Laurel, Md.*, 895 F.3d 317, 328 (4th Cir. 2018) (recognizing that, to warrant Title VII protection against unlawful retaliation, an "employee's perception of a violation must be objectively reasonable under the circumstances known to her . . . at the time of her complaint" (internal quotation marks and citation omitted)); *Mereish v. Walker*, 359 F.3d 330, 336 (4th Cir. 2004) (requiring a plaintiff alleging discrimination to proffer evidence such that a reasonable trier of fact could conclude the employer's explanations for imposing discipline were false or "unworthy of credence," or to offer "other forms of circumstantial evidence sufficiently probative of . . .

discrimination" (internal quotation marks omitted)).<sup>*</sup> We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

<sup>*</sup> The same legal principles apply to Passwaters's claims under the Maryland Fair Employment Practices Act ("MFEPA"). *See Haas v. Lockheed Martin Corp.*, 914 A.2d 735, 742 & n.8 (Md. 2007) (recognizing that "Title VII is the federal analog to" MFEPA and, thus, Maryland "courts traditionally seek guidance from federal cases in interpreting" the latter); *see also Hawkins v. Leggett*, 955 F. Supp. 2d 474, 496-97 (D. Md. 2013) (noting that federal courts use Title VII standards to judge discrimination and retaliation claims brought under MFEPA).